UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SEAN PATRICK WEED, )<br>)<br>    *Plaintiff* )<br>)<br>v. )<br>CAROLYN W. COLVIN, *Acting* )<br>*Commissioner of Social Security*, )<br>)<br>    *Defendant* ) | No. 2:14-cv-271-JHR |

*MEMORANDUM DECISION ON MOTION FOR AWARD OF ATTORNEY FEES*

The plaintiff's attorney in this Social Security benefits case, in which the parties have consented to have me preside, seeks an award of fees pursuant to 42 U.S.C. § 406(b) in the amount of $30,197.50 in connection with an award of past-due benefits to the plaintiff. The commissioner does not oppose the request. Defendant's Response to Plaintiff's Motion for Award of § 406(b) Fees (ECF No. 23). I grant the motion.

**I. Factual and Procedural Background**

On June 11, 2014, the plaintiff executed a contingent fee agreement with Attorney Riley L. Fenner in connection with his appeal to this court of the commissioner's adverse decision on the plaintiff's application for Social Security Disability benefits. Representation and Fee Agreement (ECF No. 22-1) at 2. The agreement provided, in relevant part: "Client and Attorney Representative understand that if a court awards a fee under Section 206(b) of the Act, generally SSA will certify direct payment to the Attorney Representative of up to 25 percent of the Client's [T]itle II past-due benefits. However, SSA withholds a maximum of 25 percent of past-due benefits for payment of fees, whether authorized by SSA, a court, or both." *Id*. at 1.

1

On February 19, 2015, following the plaintiff's filing of his Itemized Statement of Specific Errors (ECF No. 13), the commissioner filed an unopposed motion to reverse the decision of which the plaintiff complained and remand the case for further action. ECF No. 15. The motion was granted the next day. ECF No. 16.

On March 17, 2015, the plaintiff filed an unopposed petition for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 18. On March 19, 2015, this court entered an order approving payment under the EAJA in the amount of $4,864. ECF No. 21. Further, the plaintiff's attorney has already received payment of $6,000 for work performed in this matter at the administrative level. Petition for Authorization of an Attorney Fee Pursuant to the Social Security Act ("Petition") (ECF No. 22) at 2. That amount, plus the $30,197.50 sought by the instant petition, would equal 25% of the $144,790 in past-due benefits awarded to the plaintiff. *Id*.

The plaintiff's attorney's itemized statement of work performed in this court indicates that he expended 25.6 hours of attorney time, without indicating an hourly rate. ECF No. 22-3.

## II. Discussion

Section 406 provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [*i.e.*, Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).

This court has authority to award court-related fees pursuant to section 406(b), even though the benefits award itself was made by the commissioner on remand. *See, e.g., Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (overruling "single tribunal rule" of *Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972), pursuant to which only the tribunal

2

that ultimately upheld a claim for benefits could approve and certify payment of section 406 attorney fees; joining majority of circuits—including the First Circuit—in ruling, *inter alia*, that "in cases where the court remands the case back to the [commissioner] for further proceedings, the court will set the fee—limited to 25 percent of past-due benefits—for the work performed before it, and the [commissioner] will award whatever fee the [commissioner] deems reasonable for the work performed on remand and prior administrative proceedings.")

The making of an application for an award of attorney fees pursuant to the EAJA does not preclude an award of attorney fees pursuant to section 406(b). However, a claimant's attorney must refund the smaller of the EAJA fee or the section 406(b) fee to the claimant. *See, e.g., Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (citation and internal punctuation omitted).[1]

This court has a duty to satisfy itself that a section 406(b) contingency fee is "reasonable[.]" *Id*. at 807 ("Most plausibly read, . . . § 406(b) does not displace contingent fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful

---

[1] I note that *Gisbrecht* states that the court may require the attorney seeking an award of fees to submit both "a record of the hours spent representing the clamant *and* a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." 535 U.S. at 808 (emphasis added).

3

claimant must show that the fee sought is reasonable for the services rendered.") (Citations and footnotes omitted).

The outer boundaries of a test of "reasonableness" are difficult to plot. However, this much is clear: Reduction in the amount that otherwise would be payable pursuant to a contingent fee agreement between a claimant and attorney is appropriate to the extent that (i) counsel's conduct is improper or representation substandard; for example, an attorney is responsible for a delay that has caused an accumulation of past-due benefits, or (ii) the benefits are disproportionate in relation to the amount of time counsel spent on the case (thereby resulting in a windfall).  *Id*. at 808; *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (*cited with favor in Gisbrecht*, 535 U.S. at 808).  It is the latter reason that concerns the court in this case.

The hourly rate of the attorney fee sought here would be approximately $1,179.59 ($30,197.50 divided by 25.6 hours).[2]  However, an adjustment must also be made in the hours claimed by the attorney, who billed 3.0 hours to "[d]raft and file complaint and case initiating documents." Time Log (ECF No. 22-3) at 7/9/14. The five-paragraph form complaint that was filed in this case (ECF No. 1), and the one-page civil cover sheet, which was the only other "case initiating document" filed, could not reasonably require three hours of an attorney's time to create and file electronically on this court's docket. A reduction of 2.0 hours will be made to render this entry reasonable.  The hourly rate sought thus becomes $1,279.56 ($30,197.50 divided by 23.6 hours). I have previously suggested that an effective hourly rate of $690 "might implicate windfall concerns." *Doucette v. Astrue*, Civil No. 07-178-P-S, 2009 WL 2824749, at *3 (D. Me. Aug. 27, 2009).  Since that time, however, Judge Hornby of this court held that, where the only issue was

---

[2] The plaintiff's attorney erroneously deducts the EAJA fee of $4,864 from the total sought before deriving an hourly amount.  Petition at 2.  Once an award has been sought under section 406(b), the attorney is no longer entitled to the lesser of the two awards, which in this case is the EAJA fee, so there is nothing to deduct from the section 406(b) amount.

4

"whether the [contingent] fee is too large" and where "[t]here is no suggestion that this was obviously an inordinately easy case from the outset and that the success was not due to the law firm's efforts, or that its success was attributable to some other source[,] [t]hat should be the end of the matter." *Siraco v. Astrue*, 806 F.Supp.2d 272, 277 (D. Me. 2011). This does not mean that an attorney who meets these criteria must be awarded the full amount that he seeks, however.

Judge Hornby later addressed this situation in *Ezekiel v. Astrue*, 853 F.Supp.2d 177 (D. Me. 2012). In that case, the contingent fee agreement generated a 25% attorney fee of $12,426. *Id*. at 178. The commissioner had already approved payment of $6,000 for post-remand work, as is the case here. *Id*. Citing both *Gisbrecht* and *Siraco*, Judge Hornby gave particular weight to *Gisbrecht'*s observation that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Id*. at 179 (citation omitted). He held that this observation "indisputably applie[d]" to the requested fee award of $6,426 to 3.1 hours of work, *id*., notwithstanding his caution that "a contingent fee agreement ordinarily should govern." *Id*. at 181.

Giving due weight to the legitimate consideration emphasized in the instant case by the plaintiff's attorney—section 406(b) fees are "doubly contingent" because the attorney must prevail both in court and in securing past-due benefits on remand, Petition at 5—and the fact that the plaintiff has indicated his approval of the fee sought, Declaration of Sean Patrick Weed (ECF No. 22-4), consideration of the effective hourly rate is still appropriate. Judge Hornby reduced the requested fee in *Ezekiel* to "three times the lodestar," 853 F.Supp.2d at 180-81, that is, three times the reasonable hourly rate multiplied by the reasonable time spent.

In *Beaulieu v. Colvin*, No. 1:10-cv-454-GZS, 2016 WL 675646, at *3 (D. Me. Jan. 28, 2016), I approved an hourly rate of $1,185, based on the principle enunciated in *Ezekiel*. This is slightly less than the hourly rate sought in the instant case.[3]

Because the plaintiff's attorney has expressly recognized his obligation to remit to the plaintiff the $4,864 previously awarded to him in fees under the EAJA should this award exceed that amount, as it does, Petition at 2, because, unlike in *Beaulieu* and *Ezekiel*, the attorney herein had to research, write and file a complete statement of itemized errors before the commissioner moved to remand, because the hourly rate derived from the amount sought, even as increased by the time discounted by this court herein, is only slightly higher than one that has previously been approved by this court, and because the commissioner does not object to the fee sought, the request will be granted.

### III. Conclusion

For the reasons discussed above, the plaintiff's petition for an award of attorney fees in the amount of $30,197.50 is **GRANTED.**

Dated this 15th day of July, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[3] While the attorney in this action has not indicated the highest *hourly* rate for which he has been approved, he has indicated that he has been approved by another federal district court, on a contingent fee basis, at an "effective hourly rate of $1,289.03." Petition at 5.